Dear Commissioner Fields:
¶ 0 This office has received your request for an Official Opinion of the Attorney General in which you ask, in effect, the following question:
 Does the exemption from the Workers' Compensation Act provided for in 85 O.S. 2001, § 2.6[85-2.6] apply only to employers who are natural persons, such as sole proprietors, or does it also apply to artificial persons, such as corporations?
The Oklahoma Workers' Compensation Act ("Act") (85 O.S. 2001 
Supp.2006, §§ 1 — 211) requires all employers to carry workers' compensation insurance or, in some circumstances, demonstrate to the Administrator of the Workers' Compensation Court their financial ability to compensate employees who are injured on the job. 85 O.S. Supp.2006, § 61(A). However, an exception is allowed pursuant to Section 2.6 that provides:
 An employer with five or less total employees, all of whom are related by blood or marriage to the employer, will be exempt from the Workers' Compensation Act.
Id.
As a result, an employer is not required to carry workers' compensation insurance if he or she has five or fewer employees and if all the employees are related to him or her by blood or marriage. You have asked whether the term "employer" as used in Section 2.6 denotes only a natural person or whether it also refers to an artificial person, such as a corporation.
Title 85 O.S. Supp.2006, § 3(8) of the Act defines "employer" broadly to include persons, partnerships and corporations:
 "Employer", except when otherwise expressly stated, means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term "employee" as herein defined[.]
Id.
Title 25 O.S. 2001, § 16[25-16] defines "person" as follows: "The word `person,' except when used by way of contrast, includes not only human beings, but bodies politic or corporate." Id. Various Oklahoma statutes recognize the distinction between a natural person and an artificial person. For example, the Health Maintenance Organization Act of 2003 defines "person" as "a natural or artificial person including, but not limited to, individuals, partnerships, associations, trusts or corporations[.]" 36 O.S. Supp.2006, § 6902(21). Black's Law Dictionary
defines "natural person" as "[a] human being, as distinguished from an artificial person created by law." Id. at 1162 (7th ed. 1999). An "artificial person" is defined in pertinent part as "[a]n entity, such as a corporation, created by law and given certain legal rights and duties of a human being[.]" Id. As a result, an employer under the Workers' Compensation Act can be either a natural person (i.e, a human being) or an artificial person.
One need only look at the plain language of the statute in determining whether the exemption provided for in 85 O.S. 2001, § 2.6[85-2.6] applies to natural or artificial persons. Plain and unambiguous words in a statute must be given their common meaning. Curtis v. Bd. of Educ.,914 P.2d 656, 659 (Okla. 1995). The exemption applies to businesses where the employees are related by blood or marriage to the employer. One can only be related by blood or marriage to a natural person. It is not possible to be related by blood or marriage to an artificial person such as a corporation. As a result, the exemption created by Section 2.6 applies only to employers who are natural persons.[1]
 It is, therefore, the official Opinion of the Attorney General that:
 The exemption from the Workers' Compensation Act provided for in 85 O.S. 2001, § 2.6[85-2.6] applies only to employers who are natural persons, such as sole proprietors, and does not apply to employers who are artificial persons, including but not limited to corporations, partnerships and limited liability companies.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT MOAK ASSISTANT ATTORNEY GENERAL
[1] Our reading of Section 2.6 is buttressed by the fact that the Legislature has provided an exemption elsewhere in the Act for corporations and other artificial persons. For example, the definition of "employee" excludes "members of a partnership, members of a limited liability company who own at least ten percent (10%) of the capital of the limited liability company or any stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation." 85 O.S. Supp.2006, § 3(9).